543 F.Supp. 249 (1982)
Gerardo Wenseslao LOERA, Petitioner,
v.
Andre J. NUTIS, Acting Officer in Charge, United States Immigration and Naturalization Service, Respondent.
No. 82-0577C(5).
United States District Court, E. D. Missouri, E. D.
June 21, 1982.
Peter Ferrara, Joseph R. Dierkes, St. Louis, Mo., for petitioner.
Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., for respondent.

MEMORANDUM OPINION
CAHILL, District Judge.
This matter is before the Court on Gerardo Wenseslao Loera's petition for writ of habeas corpus.
The Immigration and Naturalization Service (INS) ordered Loera deported in January, 1982. Loera instituted this proceeding in an effort to prevent his deportation.
Loera, a native of Mexico, came to the United States with his mother in 1956. He has lived continuously in the United States since that time.
In September, 1974, the INS initiated deportation proceedings against Loera. Loera was granted the privilege of leaving the United States voluntarily with an alternate order of deportation should he fail to depart. Upon Loera's failure to leave, the order of deportation became effective. The INS ordered that Loera be deported to Mexico on January 25, 1982. Loera filed an application for stay of deportation or deferred action status with the INS pursuant to INS Operating Instruction 103.1(a)(1)(ii). The INS District Director denied the application mostly based upon Loera's admitted problem with alcohol. Loera appealed the denial of deferred action status to this Court. The Court granted Loera preliminary habeas relief pending the outcome of this matter.
Loera now claims that the Court should remand the matter to the INS. Loera maintains that the INS did not afford him an adequate hearing on the issues set forth in the application for stay of deportation. Respondent counters that the Court should not entertain this matter because the denial of deferred action status is not subject to judicial review. The writ of habeas corpus is denied.
The Court finds that the granting or denial of deferred action status is a matter of administrative discretion. The Court will review a decision of the INS in this instance only to determine if the agency's *250 decision was based on some improper motive or arbitrary classification. 5 U.S.C. § 706.
After carefully reviewing the record, the Court is convinced that the decision of the INS director, however harsh, was not made arbitrarily or capriciously. There is no evidence that the director abused his discretion. Thus, the writ of habeas corpus is denied. However, the Court will continue the preliminarily granted writ of habeas corpus for ten (10) days in order to allow the petitioner to seek a stay of deportation pending appeal, if he so desires.